UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM PETAWAY

    v.

LYNN MILLING, et al.

PRISONER CASE NO.
3:11-cv-426 (AVC)

## **ORDER**

The plaintiff, William Petaway, is currently incarcerated in a prison facility in Cranston, Rhode Island. He has filed a complaint *pro se* under 42 U.S.C. § 1983. He sues Connecticut Interstate Compact Supervisor Lynn Milling, former CDOC Commissioner Theresa Lantz, CDOC Director Mary Marcial and CDOC Contract Administrator Joel Ide. Under 28 U.S.C. § 1915, the court may dismiss any portion of the complaint that either "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*.

Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court

may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. While the full extent of the Supreme Court's recent decision in *Bock* has not yet been delineated by the Second Circuit, that court has noted that "[a]lthough section 1915A grants courts the authority to dismiss a complaint with prejudice, nothing in sections 1915 and 1915A alters the '[t]he settled rule . . . that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

The timing of the events set forth in the complaint suggest that plaintiff may not have fully exhausted his administrative remedies prior to filing this lawsuit. If that is true, the complaint must be dismissed.

The plaintiff asserts that on October 1, 2008, pursuant to the New England Interstate Corrections Compact, the defendants transferred him from a Connecticut Department of Correction ("CDOC") prison institution to a facility within the Rhode Island Department of Corrections. Upon his arrival at the Rhode Island facility, medical staff performed an intake examination. Medical

2

staff informed the plaintiff that pursuant to Rhode Island law he must submit to mandatory HIV testing. The plaintiff refused to consent to HIV testing. A Rhode Island Department of Corrections officer then held the plaintiff in a chair and a nurse took his blood in order to conduct the HIV testing. The officer escorted the plaintiff to the segregation unit and the following day escorted the plaintiff to general population.

The plaintiff claims that medical staff in Rhode Island have performed other HIV testing since his incarceration began in October 2008. The plaintiff claims that Connecticut law prohibits HIV testing unless the patient consents to the testing. Thus, the plaintiff contends that the mandatory HIV testing performed by Rhode Island prison officials violates the Interstate Compact.

In December 2010, the plaintiff sent letters to the Director of the Rhode Island Department of Corrections as well as the Medical Program Director and the Director of Nursing Services. All of these individuals have informed the plaintiff that Rhode Island law requires mandatory HIV testing with or without consent and that Rhode Island law applies to him despite the fact that he was transferred from Connecticut pursuant to the Interstate Compact.

In early January 2011, the plaintiff filed a grievance with the defendants regarding the mandatory HIV testing in Rhode

Island and seeking to be transferred from the Rhode Island Department of Corrections. He does not indicate whether he received a response to the grievance prior to filing this lawsuit. The plaintiff seeks monetary damages.

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances. Individual employee actions, matters relating to conditions of care or supervision and complaints concerning prison life are grievable. Administrative Directive 9.6, Sections 6(A)(3), (5) and (7), http://www.doc.state.ct.us/ad/ch9. Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue. If informal resolution is unsuccessful, the inmate must file a Level 1 grievance. Correctional staff has thirty days to respond to the Level 1 grievance. If the Level 1 grievance is denied or if correctional officials fail to respond timely, the inmate must appeal the denial to Level 2. A response to the Level 2 grievance will be issued within thirty days. Administrative Directive 9.6, Sections 9, 10, 15 & 16.

The plaintiff asserts that he filed a grievance with the defendants in early January 2011. The plaintiff signed the complaint and *in forma pauperis* application on January 24, 2011.[1]

---

[1] The complaint and *in forma pauperis* application were received by the court and filed on March 17, 2011.

Thus it is apparent that there was insufficient time for plaintiff to have filed and received responses to level 1 and 2 grievances regarding his claims prior to filing this lawsuit.

The Second Circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that plaintiff has notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies). Accordingly, the Court directs the plaintiff to explain to the Court why this case should not be dismissed for failure to fully exhaust his administrative remedies before filing this action. Any such dismissal would be without prejudice to plaintiff re-filing this action after fully exhausting his administrative remedies.[2]

The plaintiff shall submit his response within **thirty (30)** days from the date of this order. The plaintiff shall attach to his response copies of the informal resolution of his claim as well as level 1 and 2 grievances for the claim. Failure to

---

[2] The court notes that the plaintiff filed an essentially identical civil rights action in the United States District Court of Rhode Island on February 11, 2011. *See Petaway v. DiNitto*, Civil No. 1:11-cv-47-M-LDA. The complaint names Rhode Island Interstate Compact Supervisor Joseph DiNitto, Director of the Rhode Island Department of Corrections Ashbel T. Wall, Medical Program Director Dr. Michael Fine and Jane Doe Nurse as defendants. That case remains pending.

provide evidence of exhaustion, or evidence of why plaintiff was not required to exhaust his administrative remedies, within the time provided may result in the dismissal of this action without any further notice.

The plaintiff's Motion for Extension of Time [**doc. # 4**] to submit necessary prison account information is **GRANTED** nunc pro tunc. The plaintiff submitted the necessary information on April 14, 2011. In view of the order above, the Motion for Order of Service [**doc. # 7**] is **DENIED**, the Motion to Know if Court Reviewed Case [**doc. # 8**] is **DENIED** as moot and the Motion for Appointment of Counsel [**doc. # 9**] is **DENIED** without prejudice.

**SO ORDERED** this _10th_ day of August 2011, at Bridgeport, Connecticut.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE